UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH C., ) | |
| ) | |
|       Plaintiff ) | |
| ) | |
| v. ) | No. 2:20-cv-00354-NT |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
|       Defendant ) | |

*MEMORANDUM DECISION ON MOTION TO CORRECT RECORD*
*AND REPORT AND RECOMMENDED DECISION*[2]

The plaintiff moves to correct the record filed in connection with the instant Supplemental Security Income (SSI) appeal by adding certain rebuttal vocational documents. *See* Motion to Correct the Record ("Motion") (ECF No. 16). In addition, he appeals the adverse decision of the commissioner finding him capable of performing work existing in significant numbers in the national economy. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 15). For the reasons that follow, I deny the Motion and recommend that the decision of the commissioner be vacated and the case remanded for further proceedings consistent herewith.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Sec'y of Health & Hum. Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

law judge (ALJ) found, in relevant part, that the plaintiff had the severe impairments of degenerative disc disease of the lumbar spine status-post discectomy and degenerative joint disease of the left knee, Finding 2, Record at 13; that he had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b), except that he was limited to four hours of standing or walking in an eight-hour workday, had to alternate between sitting and standing (or vice versa) for five minutes per hour while staying on task if the job allowed, could occasionally push and pull, could not operate foot controls with the left lower extremity, could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, could not climb ladders, ropes, or scaffolds, had to avoid uneven terrain, and had to avoid concentrated exposure to pulmonary irritants, temperature extremes, and humidity, Finding 4, *id*. at 15-16; that, considering his age (42 years old, defined as a younger individual, on the date his SSI application was filed, March 28, 2018), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 6-9, *id*. at 20; and that he, therefore, had not been disabled from the date his SSI application was filed, March 28, 2018, through the date of the decision, February 11, 2020, Finding 10, *id*. at 22. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Sec'y of Health & Hum. Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion

drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than any past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Hum. Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Background

After his claims were denied at the initial and reconsideration levels, the plaintiff requested a hearing before an ALJ. *See* Record at 116. During that hearing, which ultimately took place in January 2020, the ALJ heard testimony from the plaintiff and a vocational expert (VE). *See id.* at 34. At the conclusion of the hearing, the ALJ had the following exchange with the plaintiff and his counsel:

> ALJ: Anything further before I close the record?
>
> [Counsel]: Seven days for post-hearing statement?
>
> ALJ: Okay.
>
> [Counsel]: 1/28[/2020].
>
> ALJ: Sir, your Counsel's going to submit an additional statement to [m]e in the next week. I'll look at that when it comes in. I'll get a decision out to you as soon as I can. It'll probably be roughly two to three weeks after the date he submits [on] that date.
>
> [Claimant]: Okay.
>
> ALJ: Thank you for coming in.

3

*Id.* at 75. Thereafter, the ALJ thanked those participating and went off the record. *See id.* at 75-76.

The plaintiff submitted his post-hearing statement to the ALJ on January 28, 2020. *See id.* at 10; 328-41. A few days later, on February 3, 2020, the plaintiff also submitted an affidavit by VE David Meuse. *See* Statement of Errors at 5; Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 23) at 4.

In his decision denying benefits, the ALJ admitted the plaintiff's post-hearing statement into the record but declined to admit the Meuse affidavit. *See* Record at 10-11. He explained,

> At the hearing, when asked if there was anything more before the record was closed, the representative requested and received seven days after the hearing to submit [a post-hearing] brief. On that seven-day deadline, the representative filed that brief. It is, accordingly, admitted.
>
> However, days later, without explanation or argument, the representative submitted an affidavit of David Meuse. By agreement, the record was closed prior to this filing. The [plaintiff] and his representative have offered no argument regarding the admission of this document following the agreed deadline. That document is therefore not admitted into evidence.

*Id.*

### B. Motion to Correct the Record

Before turning to the merits of the case, I must first address the plaintiff's motion to correct the record. *See* Motion. The plaintiff seeks an order "correcting the record by directing the inclusion of" the Meuse affidavit, an accompanying cover letter to the ALJ, and a confirmation of receipt by the commissioner. *Id.* at 2; Exh. A ("Rebuttal Documents") (ECF No. 16-1) thereto. The commissioner opposes the motion, arguing that the ALJ supportably declined to admit the Meuse affidavit because it was untimely submitted. *See* Defendant's Opposition to Plaintiff's Motion to Correct the Record (ECF No. 17).

Ultimately, the plaintiff cites nothing standing for the proposition that this court has the authority to amend the administrative record when the documents at issue were not inadvertently left out of the record but rather explicitly kept out by the ALJ.  *See* Motion; Reply to Defendant's Opposition to Plaintiff's Motion to Correct the Record (ECF No. 20).  The United States District Court for the Eastern District of Washington recently denied a similar motion in a case where the ALJ "explicitly declined to include" certain documents "in the administrative record."  *Sheila M. v. Comm'r of Soc. Sec.*, No. 1:19-cv-03063-SMJ, 2020 WL 3620099, at *3 (E.D. Wash. Apr. 15, 2020).  The court explained that the "case law suggest[ed]" that courts "lack such authority" and noted that the claimant appeared to "implicitly recognize" that, by framing his motion to supplement the record "in terms [of] the ALJ's error in refusing to consider" the documents, his "argument [wa]s more appropriately addressed as an asserted claim of error warranting remand."  *Id.*  I find the same to be true here and therefore deny the motion to correct the record.

With that said, there is no dispute that the plaintiff's cover letter and the Meuse affidavit were submitted to and received by the ALJ.  Accordingly, it is appropriate for the court to consider those documents as part of its review of the ALJ's decision.  *Cf. Roth v. Comm'r of Soc. Sec.*, Case No.: 6:20-cv-550-MRM, 2021 WL 4399125, at *8-9 (M.D. Fla. Sept. 27, 2021) (considering "[t]he evidence contained within [a claimant's] Post-Hearing Brief" despite the fact that the ALJ had "not included [it] in the record"); *Sheila M.*, 2020 WL 3620099, at *3-5 (considering the contents of documents that the ALJ "explicitly declined to include . . . in the administrative record" even after denying the claimant's motion to supplement the administrative record with those documents); *Palombo v. Berryhill*, Civil No. 17-cv-284-LM, 2018 WL 3118286, at *3-5 (D.N.H. June 25, 2018) (considering the contents of a Meuse affidavit and an accompanying letter that were

5

submitted post-hearing despite the commissioner's argument "that the ALJ properly did not admit the evidence into the record" (citation and internal quotation marks omitted)).

The plaintiff's cover letter to the ALJ indicated that he was submitting the Meuse affidavit pursuant to the five-day rule, SSR 96-9p, and "the general right of rebuttal for evidence introduced at the hearing." Rebuttal Documents at [1]. In his affidavit, Meuse discusses the vocational implications of the plaintiff's use of a nebulizer and challenges both the accuracy of the descriptions of the jobs identified by the testifying VE and the numbers in which they exist. *See id.* at [2]-[5].

### B. The ALJ's Rejection of the Meuse Affidavit

The plaintiff argues that the ALJ's refusal to admit and/or consider the Meuse affidavit was inconsistent with this court's caselaw indicating that a claimant has the right to submit rebuttal vocational evidence up until an ALJ's decision issues. *See* Statement of Errors at 4-7. He also asserts that he did not agree to the closing of the record by asking for a deadline for a post-hearing statement and that the ALJ lacked "the authority to close the record in its entirety" with respect to rebuttal vocational evidence. *Id.* at 5-6.

The commissioner, on the other hand, contends that the plaintiff was aware that the record would be closing by January 28, 2020, and that the ALJ was justified in declining to admit and/or consider the Meuse affidavit "based on Plaintiff's failure to comply with the established briefing deadline and Plaintiff's complete lack of explanation for missing that deadline." Opposition at 4-5 (citation and footnote omitted). She argues that a claimant's right to submit rebuttal vocational evidence is not unfettered and that an ALJ is entitled to set guidelines for a claimant to respond to vocational evidence. *See id.* at 6-7.

The plaintiff has the better argument.

As an initial matter, "under the current regulations and rulings[,]" a claimant "has the right to" present a rebuttal vocational expert affidavit "up until the [ALJ's] decision issues." *Patrick S. v. Saul*, Civil No. 1:18-cv-289-DBH, 2019 WL 3814283, at *1 (D. Me. Aug. 14, 2019); *see also* SSR 96-9p, 1996 WL 374185, at *9 n.8 (July 2, 1996) ("Whenever a VE is used, the individual has the right to review and respond to the VE evidence *prior to the issuance of a decision*." (emphasis added)); *Kelly v. Saul*, Case No. 18-cv-662-PB, 2019 WL 3492449, at *3 (D.N.H. Aug. 1, 2019) ("Because [vocational] testimony often cannot be anticipated prior to hearing, [rebuttal vocational evidence] will often have to be submitted after the hearing has been completed. Where such evidence is material to an issue under consideration, . . . an ALJ cannot refuse to consider it simply because it is submitted after the hearing concludes." (citation and internal quotation marks omitted)).

In *Patrick S.*, Judge Hornby noted that despite the general importance of setting a deadline for the closure of a record, there was "no indication" that the ALJ had done so in that case or "that SSR 96-9P grants [an ALJ] that authority (given its reference to a right to respond up until the decision's issuance)." *Patrick S.*, 2019 WL 3814283, at *4 n.3; *see also Allen v. Comm'r of Soc. Sec.*, 475 F. Supp. 3d 413, 420 (M.D. Penn. 2020) (citing *Patrick S.* for proposition that "it is questionable as to whether the ALJ would even have had the authority to set a deadline as to when [the claimant] would be permitted to submit a post-hearing memo" challenging VE's testimony at hearing).

Nonetheless, I need not consider whether, as the commissioner argues, a claimant may not ignore a deadline "*explicitly* set by the ALJ" for the submission of post-hearing rebuttal vocational evidence, Opposition at 6 (emphasis added) (citation and internal quotation marks omitted),

7

because, in this case, the ALJ faulted the plaintiff for ignoring a deadline for the closure of the record that purportedly was set "[b]y agreement[.]" Record at 10.

The commissioner has not shown that any agreement to a deadline for the submission of rebuttal evidence was reached in this case. As the plaintiff notes, *see* Statement of Errors at 5, the ALJ simply inquired whether there was "[a]nything further before I close the record[,]" and the plaintiff's counsel sought a deadline for a post-hearing statement, which the ALJ provided, Record at 75-76. The plaintiff's counsel neither sought nor agreed to a deadline for the submission of rebuttal vocational evidence. *See id.*[3]

It is true, as the commissioner points out, *see* Opposition at 5, that the plaintiff did not raise the possibility of submitting a rebuttal vocational affidavit when he filed his post-hearing statement, but such an omission is not fatal. In *Patrick S.*, for example, the claimant's counsel "requested an opportunity to submit a post-hearing memorandum, and the ALJ provided a deadline . . . for its submission." *Patrick S. v. Berryhill*, No. 1:18-cv-00289-DBH, 2019 WL 2464480, at *7 (D. Me. June 13, 2019) (rec. dec., *adopted in part, rejected in part* Aug. 14, 2019). The claimant submitted a timely post-hearing memorandum that raised one issue concerning the vocational testimony, and then, several days later, despite not having previously "identified [the] need to submit rebuttal evidence[,]" submitted an affidavit by Meuse. *Id.* Even in those circumstances, Judge Hornby held that the claimant had "the right to" submit a rebuttal vocational expert affidavit pursuant to SSR 96-9p "up until the [ALJ]'s decision issue[d]" and vacated the decision for failure to address the Meuse affidavit. *Patrick S. v. Saul*, 2019 WL 3814283, at *1, 4-5; *see also Kelly*, 2019 WL 3492449, at *2-4 (holding, pursuant to SSR 96-9p, that an ALJ was obligated to consider

---

[3] For this reason, I also find no merit in the commissioner's additional argument that "[t]here was no question that the record would be soon 'closed,' since the ALJ indicated that he would be issuing a decision" within a few weeks of the submission of the plaintiff's post-hearing statement. Opposition at 4-5.

8

a post-hearing affidavit by Meuse even when the ALJ had explicitly declined to consider the affidavit on the bases that it "was not timely submitted and that the record was closed at the conclusion of the hearing" (citation and internal quotation marks omitted)).

At bottom, the only deadline that the ALJ and the plaintiff explicitly agreed upon was for the submission of a post-hearing brief. *See* Record at 75. As such, the ALJ erred in declining to admit and/or consider the Meuse affidavit on the bases that, "[b]y agreement, the record was closed prior to" its submission and that the plaintiff "offered no argument regarding the admission" of the affidavit "following the agreed deadline." *Id.* at 10-11.[4] Because the Meuse affidavit calls into question the vocational testimony that the ALJ relied upon in finding the plaintiff not disabled, and the plaintiff submitted it within the timeframe provided by SSR 96-9p, the ALJ was obligated to consider it prior to issuing his decision. *See* Rebuttal Documents; *Kelly*, 2019 WL 3492449, at *3-4.

Remand is therefore warranted on the basis of the ALJ's handling of the Meuse affidavit. I need not and do not reach the plaintiff's remaining points of error.

## II. Conclusion

For the foregoing reasons, I **DENY** the Motion and recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

---

[4] The two cases on which the commissioner primarily relies for the proposition that the ALJ's handling of the Meuse affidavit does not warrant remand, *Phillip W. v. Saul*, 2:19-cv-00258-JDL, 2020 WL 7647472 (D. Me. Dec. 23, 2020), and *Brownell v. Berryhill*, Civil Action No. 17-11462-FDS, 2018 WL 615662 (D. Mass. Jan. 29, 2018), are distinguishable from this case. In *Phillip W*, the court concluded, in the context of gauging whether attorney fees pursuant to the Equal Access to Justice Act were warranted, that an ALJ's setting of guidelines for a claimant to respond to VE evidence and exclusion of a rebuttal affidavit that failed to comply with those guidelines "had a reasonable basis in law and fact[,]" *Phillip W.*, 2020 WL 7647472, at *2-3, and in *Brownell*, the court held that an ALJ was justified in not considering a Meuse affidavit after the claimant had "assured the [ALJ] that he would not submit any new affidavits[,]" *Brownell*, 2018 WL 615662, at *1-2.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 17th day of January, 2022.

    /s/ John H. Rich III
John H. Rich III
United States Magistrate Judge